## OBSTRUCTION OF VACATED STREET.

Circuit Court of Summit County.

THOMAS WORTHINGTON, ON HIS OWN BEHALF AND ON BEHALF OF THE CITY OF AKRON AND OTHER TAX-PAYERS, V. THE CITY OF AKRON AND THE STANDARD TABLE OIL CLOTH CO.

Decided, April 17, 1908.

*Municipal Corporation—Nuisance in Street—Action Therefor—Plaintiff Can Not Maintain Action, Unless.*

A plaintiff can not maintain an action against a municipality and others for obstructing a street, either in his individual capacity or as an abutter upon the street, unless the nuisance sought to be abated is private and personal to him, affecting him or his property in a manner differing not merely in degree, but in kind from its effect upon the community in general, and he can not maintain such action as a tax-payer, for want of statutory provision therefor.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The plaintiff in this appeal seeks to enjoin the obstruction of Moore avenue or street in the city of Akron by the defendant oil cloth company, acting under color of an ordinance passed by the council of said city for the vacation of that portion of said street on which said oil cloth company's property abuts. The claim that the obstruction of this part of the street in question is unlawful rests chiefly upon alleged want of jurisdiction in the council over this particular street, because it was and is a county road, and upon the council's reconsideration in alleged due season of the vote, whereby said ordinance was passed, followed by indefinite postponement of further consideration thereof.

The character in which the plaintiff sues is, as disclosed by the caption, three-fold, viz., (1) personally, (2) as a tax-payer under favor of Section 1536-668, Revised Statutes, and (3) as owner of property abutting on said street though not on the vacated portion thereof.

In the first and last of these capacities it is clear that he has no right to sue, unless the nuisance sought to be abated is private and personal to him, affecting him or his property in a manner differing not merely in degree but in kind from its effect upon the community in general.

No such case is here made. The plaintiff has left to him other, although it may be more circuitous, inconvenient or difficult, means of access from his own premises to every point within and without said city which was accessible to him before Moore street was obstructed. If the obstruction complained of is unlawful, it is thus, so far as plaintiff is concerned, a purely public nuisance, which it is the city's duty to abate, but which can not become the subject of an action founded upon any private right to sue unless the statute has expressly given such right.

The only claim of statutory right here arises under Sections 1536-667 and 668, Revised Statutes, but a careful perusal of those sections discloses no right thereby conferred on the city solicitor of his own motion or on request of a tax-payer to bring an action to enjoin a street obstruction; from which it follows that a tax-payer, on his refusal, can bring no such action in his stead. Whatever remedy may be afforded by said sections the one here sought to be invoked is certainly not included therein.

Holding as we do that plaintiff has misconceived his remedy and that he can not in any of the three capacities named by him maintain this action for injunction, the petition is dismissed.